

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
FEB 24 2014
LODGED____ REC'D____
PAID____ DOCKETED____

# United States Bankruptcy Court
# for the District of Oregon

**Thomas M. Renn, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

February 21, 2014

Mr. Mark A. Ditton
2225 NE Alberta #A
Portland, OR 97211

Mr. Paul Garrick
PO Box 467
Eugene, OR 97440

RE: WEST, Corey E. & Kathy S.; Case No. 12-63869-tmr13
Mr. Ditton's Application for Supplemental Compensation [Doc. 56]

Dear Counsel:

    The above-referenced Application is pending before me. On February 4, 2014, I convened a hearing thereon, at which I posed several questions and concerns to Mr. Ditton regarding the Application. I noted all the itemized entries supporting the Application appear to relate to an examination and investigation of, and an objection to, Proof of Claim (POC) #19-1 filed by Exeter Finance Corp. Ultimately, that claim was withdrawn, as was the Debtors' objection thereto. At the hearing's conclusion, I gave Mr. Ditton fourteen (14) days to file a written response to my concerns, after which I reserved the right to rule on the record. Mr. Ditton timely provided a response [Doc. 62]. I am now prepared to rule on the Application.

    Mr. Ditton's response concedes the two December 19, 2013, entries, as well as the January 9, 2014, entry for drafting and filing the withdrawal of Debtors' objection to claim, are not compensable. It also implicitly concedes, and Form #1305 [Doc. 12] confirms, that his $3,250 flat fee awarded prior to the instant Application, see ¶ 4 of the Order Confirming Plan [Doc. 49], covered all services rendered through confirmation and the "initial audit of claims." The response acknowledges that a "fair reading" of the scope of an initial claims audit would include "time examining and verifying claims" during the initial claims period or until the trustee issues his report listing filed claims. I concur. Upon review of the itemization, it appears the entries on December 3, 13, and 16, 2013, all involve time examining and verifying POC #19-1, which I note was timely filed. As such, they are covered by the previously awarded flat fee, and are not compensable as supplemental fees.

Messrs. Ditton & Garrick
February 21, 2014
Page-2

      The balance of the itemized entries are compensable as reasonable services under 11 U.S.C. § 330(a)(4)(B). They total $231.00. A separate Order will be entered allowing that amount. This letter constitutes my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

                                      Very truly yours,

                                      THOMAS M. RENN
                                      Bankruptcy Judge

TMR:vhd